UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>NNCC,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-cv-00382-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Terrance Williams, an inmate in the custody of the Nevada Department of Corrections, initiated this action by submitting a document titled Temporary Injunction. (ECF No. 1-1). He did not submit a complaint, and he neither paid the $402 filing fee nor submitted an application to proceed *in forma pauperis* ("IFP application"). On August 30, 2022, this Court gave Plaintiff until October 31, 2022, to (i) submit a complaint, and (ii) file a fully complete IFP application or pay the $402 filing fee. (ECF No. 3). Plaintiff was warned the action could be dismissed if he failed to comply with these directives. (*Id.* at 2). The October 31, 2022 deadline expired, and Plaintiff did not file a complaint, submit a fully complete IFP application, or pay the full $402 filing fee.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1    (dismissal for failure to comply with court order). In determining whether to
2    dismiss an action on one of these grounds, the Court must consider: (1) the
3    public's interest in expeditious resolution of litigation; (2) the Court's need to
4    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
5    favoring disposition of cases on their merits; and (5) the availability of less drastic
6    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
7    1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
8    Cir. 1987)).

9        The first two factors, the public's interest in expeditiously resolving this
10   litigation and the Court's interest in managing its docket, weigh in favor of
11   dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
12   also weighs in favor of dismissal because a presumption of injury arises from the
13   occurrence of unreasonable delay in filing a pleading ordered by the court or
14   prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
15   1976). The fourth factor—the public policy favoring disposition of cases on their
16   merits—is greatly outweighed by the factors favoring dismissal.

17       The fifth factor requires the Court to consider whether less drastic
18   alternatives can be used to correct the party's failure that brought about the
19   Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
20   992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
21   the party has disobeyed a court order does not satisfy this factor); *accord*
22   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
23   "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
24   pursuit of less drastic alternatives prior to disobedience of the court's order as
25   satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
26   with the warning of dismissal for failure to comply[,]" have been "eroded" by
27   *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
28   dismissing a case, but must explore possible and meaningful alternatives."

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until and unless Plaintiff submits a complaint and either files a fully complete IFP application or pays the filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to submit a complaint and either file a fully complete IFP application or pay the full $402 filing fee in compliance with this Court's August 30, 2022 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 18th day of January 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE